**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 25, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

RONALD SATISH EMRIT,
Presidential Candidate Number
P60005535,

    Plaintiff-Appellant,

and

PRESIDENTIAL COMMITTEE/
POLITICAL ACTION
COMMITTEE/SEPARATED
SEGREGATED FUND (SSF)
NUMBER C00569897, d/b/a United
Emrits of America,

    Plaintiff,

v.

ELON MUSK; VIVEK
RAMASWAMY; MIKE JOHNSON,
Speaker of the House;
DEPARTMENT OF GOVERNMENT
EFFICIENCY,

    Defendants - Appellees.

No. 25-5015
(D.C. No. 4:25-CV-00016-CVE-MTS)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

[*]    Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

_____

Before **BACHARACH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.

_____

Mr. Ronald Satish Emrit has sued the Department of Government Efficiency, Mr. Elon Musk, Mr. Vivek Ramaswamy, and Mr. Mike Johnson, bringing the action in the Northern District of Oklahoma.[1] The district court dismissed the action without prejudice for improper venue.

Venue ordinarily exists in a district where

- any defendant resides (if all defendants are residents of the state in which the district is located),

- a substantial part of the events occurred, or

- a defendant is subject to personal jurisdiction if the action couldn't otherwise be brought elsewhere.

28 U.S.C. § 1391(b).

But Mr. Emrit hasn't alleged that the Northern District of Oklahoma was where

- a defendant resided,

- any of the events occurred, or

- a defendant is subject to personal jurisdiction.

---

[1] Mr. Emrit has filed similar complaints in many other courts. *See Emrit v. Musk*, No. 3:25-cv-00007-RRB, 2025 WL 1105176, at \*2 n.17 (D. Alaska Apr. 14, 2025) (listing similar complaints by Mr. Emrit).

The district court thus concluded that Mr. Emrit had lacked any arguable basis to assert venue in the Northern District of Oklahoma.

Mr. Emrit insists that the defendants violated his rights, but he doesn't identify an arguable basis to sue in the Northern District of Oklahoma. In the absence of such an argument, we must affirm the dismissal. *See Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) (stating that the appellant must "explain what was wrong with the reasoning that the district court relied on in reaching its decision").

Affirmed.

Entered for the Court


Robert E. Bacharach
Circuit Judge